**Ray BURKE, Appellant,**

v.

**Yvonne Carol Burke SEXTON, Appellee.**

**No. 90–CA–427–MR.**

Court of Appeals of Kentucky.

Aug. 16, 1991.

William Lewis Collins, Whitesburg, for appellant.

Peyton F. Reynolds, Whitesburg, for appellee.

Before CLAYTON, HOWERTON and HUDDLESTON, JJ.

HOWERTON, Judge.

Ray Burke appeals from an amended decree of dissolution which concluded that the separation agreement that was made a part

of the initial decree was unconscionable. We affirm.

Ray and Carol Burke Sexton were divorced on July 6, 1987, after a marriage of 18 years. The decree set forth verbatim a separation agreement which the parties had signed on April 17, 1987, and which was filed in the record on April 21, 1987. The agreement was drafted by Ray's trial counsel and provided that Ray would receive the parties' real estate, all household furniture and furnishings, a 1977 Chevy pick-up, and a 1979 Dodge pick-up. Carol got a 1984 Ford Escort and custody of the couple's 15–year–old son. In the agreement, Carol waived any claim for child support or maintenance. She also agreed to be responsible for an $800 debt to Neon Electric. The agreement also provided that Carol waived service of process and notice of any further proceedings including the judgment. Ray was to be responsible for court costs and reasonable attorney fees. Not surprisingly, given the terms of the agreement, Carol was unrepresented by counsel.

Carol claims she thought Ray had dropped the divorce sometime after signing the agreement and that she did not find out about the entry of the decree until August 3, 1987. She retained an attorney on August 4, and on August 6, she filed a motion pursuant to CR 60.02 to set aside the decree and a motion to file a late response to the petition for dissolution. A week later, Carol filed an alternative motion to set aside the property awards rather than the decree itself. The court granted the motion to set aside the property awards pursuant to CR 60.02 and to allow Carol to present additional evidence in the case. After a hearing on Carol's motion for temporary child support, the court ordered Ray to pay $75 on the 1st and 15th days of the month beginning October 1, 1987, for a total of $150 per month.

Very little action took place until the amended decree was entered on January 30, 1990, which concluded that the separation agreement was unconscionable. The court found that Ray had paid only $100 in child support since September 1987, and that, based on $75 per month,[1] Ray was in arrears for 20 months for a total of $1,500.[2] The court also ruled that the parties are each owners of a one-half undivided interest in their real estate, and that Ray would be liable for the debt to Neon Electric. The division of the motor vehicles was reaffirmed. It is from this amended decree that Ray appeals.

■ The issues before us are whether there were sufficient grounds to reopen the dissolution action and whether the separation agreement was unconscionable.

Property awards "may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." KRS 403.250(1). A motion to alter, amend or vacate a judgment must be served no later than 10 days after entry of the final judgment. CR 59.05. Thus, Ray asserts that the trial court was without jurisdiction to entertain Carol's motion. However, CR 60.02 provides several grounds for reopening a judgment, to which Ray asserts that Carol's motion did not meet the requirements of CR 60.02. As grounds for reopening, Carol asserts excusable neglect, falsified evidence, equity, and fairness. The court cited CR 60.02 without elaboration in its order reopening the case. We believe that Ray's actions warranted reopening the case. Not only was the agreement very lopsided in Ray's favor, but Carol may have been prevented from participating in the action. As noted, the agreement provided that Carol would receive no further notice of the proceedings. Carol testified that, after signing the agreement, Ray told her he had dropped the divorce. Carol deposed that the couple continued to live together as husband and wife intermittently until July 1987, and, in fact, Ray testified that he and Carol had tried to reconcile after he filed the petition.

---

1. We believe the court misread its earlier order awarding $75 to be paid on the 1st and 15th of each month.

2. The parties' son reached majority on June 5, 1989.

Although Ray insisted that Carol knew he was going through with the divorce, their behavior could have belied that and thus prevented Carol from timely disputing the terms of the agreement.

The behavior here amounts to "fraud affecting the proceedings." CR 60.02(d). While a judgment may be reopened only for reasons of an extraordinary nature, 7 W. Bertelsman and K. Philipps, *Kentucky Practice*, CR 60.02, Comment 2 (4th ed. 1984) [hereinafter "*Ky.Prac.*"], the ground of fraud is broad and flexible. 7 *Ky.Prac.*, CR 60.02, Comment 6. "Courts should not take a narrow interpretation of 'fraud affecting the proceedings' where the net effect would cause an unjust judgment to stand." *Id.* To allow the original decree to stand would be a miscarriage of justice; thus, we believe sufficient grounds existed for reopening.

■ Next, we consider the trial court's finding that certain terms of the separation agreement were unconscionable. KRS 403.180(2) provides that the terms of a separation agreement, "except those providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, ... that the separation agreement is unconscionable." "Unconscionable" has been defined as "manifestly unfair or inequitable." *Wilhoit v. Wilhoit*, Ky., 506 S.W.2d 511, 513 (1974). The fact that Carol may have made a bad bargain does not render the agreement unconscionable. *Peterson v. Peterson*, Ky.App., 583 S.W.2d 707, 712 (1979). We are mindful that Carol is an adult, not found to be incompetent, who chose to sign the agreement without benefit of counsel, in the office of Ray's trial counsel. However, the terms of the agreement are so lopsided, and Carol agreed to terms so clearly to her detriment, that we believe there was overreaching on Ray's part to the point of unconscionability. Thus we agree with the trial court that the agreement cannot stand. It is true that in its original decree the court, by implication,

did not find the agreement to be unconscionable. KRS 403.180. However, in uncontested divorces, as the trial court viewed this case because Carol had waived notice, the courts rarely delve into the underlying facts because the case is agreed. *Peterson, supra,* 583 S.W.2d at 711.

Carol gave up any right she might have to share in the division of real property which consisted of a house and lot costing from $33,500 to $38,000 in 1979. She also waived any claim to child support. *But see* 1 R. Petrilli, *Kentucky Family Law*, § 27.5 (1988) [hereinafter "*Ky.Fam.Law*"]. Even after Ray was ordered to pay $150 per month, he paid only $100–$300 over the course of 20 months for the support of his son. His attitude appears rather cavalier in this regard. For instance, in deposition, he was asked, "Now, in this agreement you all did up, it didn't put any obligation for you to help support your all's child, did it?" Ray responded, "She waived all rights. You're looking at it there."

In summary, a close look at the agreement shows that it was not merely a bad bargain for Carol, but it was unconscionable, particularly in light of the fact that there was no other property to divide and that Carol received no maintenance.

Ray tried to argue that, given the disparate incomes of the parties, the agreement was not inequitable. Ray had held a series of jobs from 1982 to 1987, and Carol testified she got a job outside the home in 1982 because Ray would not work. He said his total income from 1982 through 1987 was only $4,689.70. This appears to be self-imposed, since Ray testified he could work for a particular employer any time he wanted.

The terms of the agreement and the testimony of the parties lead us to the same conclusion the trial court reached—that the case was amenable to CR 60.02 relief, that the agreement was procured by overreaching, and that its terms were manifestly unfair and inequitable. Furthermore, it was proper for Carol to proceed by way of motion in the trial court rather than by

appeal to this Court. 1 *Ky.Fam.Law*, § 24.24.

The amended decree reopening the case and reapportioning the awards and debt is affirmed.

All concur.