Jacqueline HINSHAW (Now Lenarz), Appellant,

v.

Ren Ricky HINSHAW; Sandra Ragland; Diana L. Skaggs & Associates; and Donna L. Delahanty, Guardian Ad Litem, Appellees.

No. 2005–CA–002510–MR.

Court of Appeals of Kentucky.

Nov. 17, 2006.

Rehearing Denied Jan. 22, 2007.

Peter L. Ostermiller, James P. McCrocklin, Louisville, KY, for appellant.

Diana L. Skaggs, Sandra G. Ragland, Louisville, KY, for appellees.

Before COMBS, Chief Judge; ACREE, Judge; KNOPF,[1] Senior Judge.

## OPINION

COMBS, Chief Judge.

Jacqueline Ann Hinshaw (now Lenarz) appeals from a post-dissolution order of the Jefferson Family Court granting a motion for relief filed by attorneys for her former husband. Representing Ren Hinshaw during the divorce, Diana L. Skaggs & Associates asked the family court to amend its first judgment as to payment of attorneys' fees. Jacqueline had originally been ordered to pay toward Ren's attorneys' fees. The court amended that judgment, ordering her to pay the fees directly to Diana L. Skaggs & Associates and providing that the law firm was entitled to enforce the order in its name. We reverse.

The Hinshaws married in December 1988. One child was born of the marriage in June 1999. In January 2003, Jacqueline filed for divorce, and a decree of dissolution was entered approximately eighteen months later. On January 28, 2005, the family court entered judgment with respect to issues involving custody of the child, child support, maintenance, and an equitable division of debts and property. In the final substantive sentence of the judgment, the family court ordered Jacqueline to "pay $25,000.00 toward [Ren's] attorney fees."

On April 21, 2005, Jacqueline filed a timely notice of appeal contesting the court's award of joint custody and attorneys' fees. She also filed for bankruptcy protection and named Ren as a creditor.

By mid-May 2005, Diana L. Skaggs & Associates filed a motion for leave to withdraw from representation of Ren. Ren raised no objection, and the firm was permitted to withdraw by order of the family court entered on July 7, 2005.

On August 24, 2005, the law firm filed a notice of an attorney fee lien pursuant to the provisions of Kentucky Revised Stat-

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

utes (KRS) 376.460 in the amount of $26,386.48. Although the law firm was no longer involved in the litigation, it also filed a motion requesting the court "to permit the $25,000 attorney fee award that [Jacqueline] was ordered to pay [Ren] to be allowed enforceable in the name of Diana L. Skaggs & Associates."

Jacqueline responded by filing a motion to dismiss, arguing that the motion of the law firm to amend the judgment was untimely under the provisions of Kentucky Rules of Civil Procedure (CR) 59. She noted that her appeal of the family court's award of attorneys' fees was already pending before the Kentucky Court of Appeals and that the law firm was *not* a party to the appeal.[2] She contended that the family court was impermissibly exercising concurrent jurisdiction.

The law firm responded with a written memorandum that based its request for relief from the judgment on the provisions of CR 60.01 and CR 60.02(f) rather than CR 59. The firm argued that "if [Ren] no longer cares to vigorously try to collect the Judgment, it is critical that the undersigned have authority to enforce the Judgment...." Noting that the judgment failed to provide that the fee award was enforceable directly in its name, the law firm feared that it would lack standing to assert its position in the bankruptcy proceedings initiated by Jacqueline. The firm contended that this oversight or omission could be corrected by the family court at any time. In the alternative, the firm argued that the circumstances were of an extraordinary nature justifying relief under the provisions of CR 60.02(f).

In an order entered October 11, 2005, the Jefferson Family Court amended its judgment of January 28, 2005, making its award of attorneys' fees to Ren enforceable in the name of his former attorney, Sandra G. Ragland, or in the name of Ragland's firm, Diana L. Skaggs & Associates. This appeal followed.

■ KRS 403.220 provides as follows:

The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. **The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.** (Emphasis added.)

The judgment of January 28, 2005, clearly did not mirror the statutory language by ordering that any portion of the $25,000.00 award be paid directly to Ren's attorneys, who could then enforce the order in their names. However, we do not agree that relief from the judgment is available to Ragland or to her law firm under the provisions of either CR 60.01 or CR 60.02(f).

CR 60.01 provides for the correction of clerical mistakes in judgments. The provisions of KRS 403.220 authorize and permit a family court to order an amount of attorneys' fees to be paid by one spouse directly to the attorneys of the other spouse, but the court is not required to do so. In this case, Ren's motion for fees did not request that any award be ordered to be paid directly to his attorneys. Before entry of the judgment, Ren was the primary obligor with respect to his attorneys' fees.

2. Sandra Ragland, an associate of the firm, was named as an appellee in Jacqueline's notice of appeal. Ragland filed a brief on her own behalf in the matter, arguing that the fee award in favor of Ren should be affirmed by this court.

Following entry of the judgment, his status remained unchanged. The law firm was an incidental beneficiary of the terms of the judgment, still wholly dependent upon Ren to satisfy its fees. After the judgment was amended, however, the law firm had a direct claim to the fees awarded.

In light of these substantive ramifications, the original decision of the family court not to make such an award directly to Ren's attorneys assumes legal significance far beyond the status of a simple clerical mistake. Furthermore, the provisions of CR 60.01 require that any correction of a clerical mistake sought while an appeal is pending may be made only by leave of the appellate court. No such permission appears to have been sought or granted in this matter. Thus, we conclude that the family court was not authorized by the provisions of CR 60.01 to alter its judgment based on an alleged clerical mistake.

■ CR 60.02(f) gives a trial court authority to relieve "a party or his legal representative" from its final judgment for any reason "of an extraordinary nature. . . ." It has long been held that relief may be granted under this provision only with extreme caution and only under the most unusual and compelling circumstances. *See Brown v. Commonwealth,* 932 S.W.2d 359 (Ky.1996); *Bishir v. Bishir,* 698 S.W.2d 823 (Ky.1985); *Ringo v. Commonwealth,* 455 S.W.2d 49 (Ky.1970). We first examine the status of the law firm as "a party" or "legal representative" at the time of the filing of its motion to amend.

Both during the original dissolution proceedings and during the post-judgment proceedings, Ren and his attorneys had opportunities to present a motion requesting that the award of fees be ordered payable directly to the law firm. The firm waited to seek that order in its motion to amend until after it had withdrawn from representation and an appeal had been filed. The firm itself was not a party to the appeal. Thus, we conclude that the law firm did not have standing to pursue its motion for relief in the family court.

In addition to the issue of lack of standing, the circumstances alleged by the firm in its motion certainly did not provide a sufficient basis to justify the extraordinary relief it sought. Even if we were to assume that the law firm had standing to pursue this remedy, it was not entitled to relief under the stringent standards of CR 60.02(f). The circumstances at issue do not qualify as so exceptional as to justify relief.

The firm itself was in the best position tactically to take steps to prevent the original judgment from being entered by the family court. It omitted to do so, candidly admitting that it made no effort to have the award made payable directly to the attorneys representing Ren. The issue only became pertinent and obvious when Ren indicated that he, too, intended to file for bankruptcy protection. Although unusual, this turn of events was foreseeable; its eventual occurrence did not constitute the kind of exceptional circumstance warranting the extraordinary remedy available under CR 60.02(f).

The order of the Jefferson Family Court is reversed.

ALL CONCUR.