**Glen Avery BRYANT, Appellant,**

v.

**PULASKI COUNTY DETENTION CENTER; and Brian Bishop, Appellees.**

**No. 2009–SC–000036–DG.**

Supreme Court of Kentucky.

Jan. 20, 2011.

As Modified Feb. 25, 2011.

---

22. *See* 803 KAR 25:190, § 1(6).

E. Austin Price, Law Office of Austin Price, Whitely City, KY, Robert Eugene Norfleet, Robert E. Norfleet Law Office, Somerset, KY, Counsel for Appellant.

Bryan Howard Beauman, Justin Matthew Schaefer, Sturgill, Turner, Barker & Moloney, PLLC, Lexington, KY, Counsel for Appellees.

Opinion of the Court by Justice
NOBLE.

Appellant, Glen Avery Bryant, was an inmate at the Pulaski County Detention Center on June 5, 2006, when he was burned on his legs while out on work detail. Taking the facts in the light most favorable to Appellant, the burns were caused by the Appellee, Brian Bishop, a Pulaski County Deputy Jailer, who threw some oil or other fuel on a fire, causing it to flare up and burn Appellant. The questions in this case are whether the Appellant should have been allowed to amend his complaint to include the Pulaski County Detention Center Corporation as a party, and whether that corporation is entitled to sovereign immunity, and whether the deputy jailer is entitled to governmental immunity. This Court concludes that amendment of the complaint should have been allowed, but that the corporation was immune from suit, and that Bishop was not entitled to qualified official immunity.

## I. Background

At the time of the injury, Appellant and another inmate were out on work detail cleaning out cemeteries. They were supervised by Brian Bishop. At lunch time, the three men pulled off onto a side road, which had a small camping site, to eat lunch. Bishop had the two inmates clean up brush and papers at the camping site, which he planned to burn while they were eating. At this point, the testimony diverges.

Bishop claims that he was cleaning debris from their work earlier at the cemeteries out of the bed of his truck, which also held the chainsaws, weed-eaters and jugs of two-cycle oil, two of which were small. He testified in his deposition that he threw several handfuls of trash on the fire. The third handful of debris had a bottle mixed in that made a popping noise when it hit the fire. Apparently, the bottle contained oil or gas of some type. Bishop claims that he then saw that Appellant was on fire and helped to put out the fire.

Appellant tells a strikingly different story, which was allegedly backed up by the other inmate, whose deposition is not in the record. After the three men ate, Bish-

op "took a pop bottle and made him a gas bomb, as he said, put some gas in it, put a wick and lit it, and it just melted down there and burnt." To build up the fire, Bishop then "got this cup out and started dousing the fire with gas and stuff." At some point, according to Appellant, "[Bishop] throwed a cup and it hit the fire and it hit my pants and caught me on fire."

The fire was difficult to put out, and Appellant's legs were seriously burned. The burns were complicated by the fact that Appellant is a diabetic. Though the burns healed, they left permanent scarring.

Appellant brought suit in Pulaski Circuit Court against the Pulaski County Detention Center and Brian Bishop, individually. The trial court granted summary judgment based on sovereign immunity to the Detention Center, and to Brian Bishop based on qualified official immunity. Appellant had also asked for leave to amend his complaint to name Pulaski County Detention Center Corporation[1] as a party, which the trial court denied. The summary judgment was affirmed by the Court of Appeals, and this Court granted discretionary review.

## II. Analysis

### A. Pulaski County Detention Center Corporation

Appellant makes the procedural argument that he should have been allowed to amend his complaint to include the Pulaski County Detention Center Corporation as a party. He also alleges that the corporation is not entitled to sovereign immunity.

The "Pulaski County Detention Center" moved the court to dismiss the complaint against it because it was "not a suable entity" because it was only a building owned and operated by Pulaski County, Kentucky. The Detention Center cited a federal district court case interpreting Kentucky law, *Smith v. Franklin County*, 227 F.Supp.2d 667 (E.D.Ky.2002), in which the federal court dismissed all claims against the Regional Jail because it was not an entity capable of being sued. The Pulaski County Detention Center pointed out that it was no more capable of being sued than was the local courthouse. Being owned by the county, the Detention Center further argued that it was entitled to sovereign immunity. After a hearing, the trial court entered summary judgment in favor of the Detention Center based on sovereign immunity. Appellee Bishop then filed motions to alter or amend and for summary judgment, and the trial court conducted another hearing.

In response, the Appellant noted that in fact the Pulaski County Detention Center was owned by a corporation, known as the Pulaski County Detention Center Corporation, and moved the trial court to allow amendment to name the corporation instead. In an order dated October 2, 2007, the trial court granted Bishop's motion for summary judgment, and denied the Appellant's motion to amend to add Pulaski County Detention Center Corporation.

During the proceedings, counsel for the Detention Center produced the Articles of Incorporation of Pulaski County Detention Center Corporation to demonstrate that there was no suable entity when only the Detention Center was named, other than the county, which was entitled to sovereign immunity. However, since the Appellant saw this as establishing that the Detention Center was owned by an entity other than

---

1. Appellant's motion incorrectly identified the entity in question as the Pulaski County Detention Center, Inc.

the county, namely a private corporation, he believed that the evidence had identified the proper suable entity and asked the court to allow amendment to conform to the evidence. The trial court found that the Detention Center had not been sued in its capacity as a corporation, and denied leave to amend. This was error.

 It is well-established that amendment to conform to the evidence is proper when there can be no real surprise or detriment to the opposing party, which is obviously the case here, since it was the Detention Center who produced the Articles of Incorporation. *See* CR 15.01 ("Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."); *Ashland Oil & Refining Co. v. Phillips,* 404 S.W.2d 449, 450–51 (Ky.1966) ("There was no showing that appellee's position had been worsened by the delay in offering the amendments to the complaint; there was certainly a color of excuse for the delay in light of appellee's long delay in responding to the interrogatories. No suggestion of 'bad faith' on the part of appellant appears. We conclude that there was no sufficient reason for the trial court to refuse the tendered amendments."); *Kentucky Home Mut. Life Ins. Co. v. Hardin,* 277 Ky. 565, 126 S.W.2d 427, 431 (1938) ("The law favors the right of litigants to have their rights disposed of on the merits rather than technicalities" with regard to "amendments or other reasonable changes in pleadings to the end that justice may prevail."); *see also Hoke v. Cullinan,* 914 S.W.2d 335, 339 (Ky.1995) (noting "the freedom with which pleadings may be amended").

 However, though it was error to deny the amendment, here it is harmless, because while the Pulaski County Detention Center Corporation is indeed suable, it is entitled to sovereign immunity as an alter ego of the county. Its position is on all fours with the Student Life Foundation described in *Autry v. Western Kentucky University,* 219 S.W.3d 713, 717 (Ky.2007). Like the Student Life Foundation in *Autry,* the Pulaski County Detention Center Corporation is technically a separate corporation from the governmental entity in question. Nevertheless, while both entities have a corporate structure, both exist only to fulfill a purpose of the state. In *Autry,* the Student Life Foundation bonded, built and held title to the dormitories situated on the campus of Western Kentucky University only to further the university's duty to provide housing for students. The Pulaski County Detention Center Corporation exists for an almost identical purpose: it bonded, built and holds title to the Detention Center property only to provide incarceration space for inmates who have been charged with or convicted of breaking the law and are serving a penalty in the county jail. Its only identity is to serve as a tool of county government, which furthers the state purpose of incarcerating lawbreakers. Thus, even if the trial court had properly allowed the amendment, the inevitable result would have been the same: summary judgment for the Pulaski County Detention Center Corporation on the basis of sovereign immunity. Thus, there was no error in the trial court's finding that even in its corporate capacity, the Detention Center was entitled to summary judgment as a matter of law, which also renders harmless the failure to allow amendment of the complaint. That portion of the Court of Appeals' opinion must be affirmed.

## B. Brian Bishop

 Appellant also complains that the trial court erred in granting summary

judgment in favor of Brian Bishop. The trial court determined that Bishop was entitled to summary judgment because he was acting in his official capacity and therefore entitled to qualified official immunity at the time of the incident: acting within the scope of his employment, performing a discretionary duty, and not acting in bad faith. *See Yanero v. Davis*, 65 S.W.3d 510 (Ky.2001) (laying out these three "elements").

Appellant conceded the existence of the first two elements, so scope of employment and nature of the action were not argued to the trial court. This is unfortunate, because the obvious question arises, when construing the facts most favorably to the non-moving party on a motion for summary judgment, whether it was indeed within the scope of Bishop's employment to throw gas on a fire in order to scare or startle another person. The obvious reasonable answer is that it is not. But this Court is constrained to look only at the issue presented to the trial court, that is, the preserved claim of error. No argument has been made that there is palpable error in regard to either of the first two issues. Indeed, it is unclear that palpable error review is available, since Appellant's concession is more akin to an active waiver than a failure to preserve an error for review.

Similarly, if Bishop were not acting within the scope of his employment, then the nature of his action—ministerial or discretionary—is immaterial. But again, Appellant has admitted that the action was discretionary. This admission is important, because a court must determine whether the party was acting in good faith only where the action was discretionary. *See Yanero*, 65 S.W.3d at 522.

■ Indeed, the arguments of counsel center around the question of whether Bishop's right to qualified official immunity can pass the "qualification" on the immunity, that is, whether the official performed the act in good faith. When sued in their individual capacity, as is the case here, public officers have only qualified official immunity, in that they are protected from liability *only* if they have made a good faith judgment call in a legally uncertain environment. *Id.*

■ The "good faith" qualification has both an objective and a subjective component. *Id.* at 523 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Objectively, a court must ask whether the behavior demonstrates "a presumptive knowledge of and respect for basic, unquestioned constitutional rights." *Id.* (quoting *Harlow*, 457 U.S. at 815). Subjectively, the court's inquiry is whether the official has behaved with "permissible intentions." *Id.* (quoting *Harlow*, 457 U.S. at 815). However, as Justice Cooper pointed out, most case law addresses these elements by stating when the qualified immunity is not available, or when the public official is acting in *bad faith*. Thus, bad faith "can be predicated on a violation of a constitutional, statutory, or other clearly established right which a person in the public employee's position presumptively would have known was afforded a person in the plaintiff's position, i.e., objective unreasonableness." *Id.* Acting in the face of such knowledge makes the action objectively unreasonable. Or, bad faith can be predicated on whether the public employee "willfully or maliciously intended to harm the plaintiff or acted with a corrupt motive," *id.*, which requires a subjective analysis.

Given the Appellant's admission that the actions of Bishop were performed within the scope of his duties, and that they were discretionary in nature, the burden shifts to the Appellant to show that the actions of Bishop were not performed in good

faith. *Id.* Since the court was considering summary judgment, the facts as alleged by the Appellant are to be taken as true. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991) ("The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."). Those facts clearly establish that Bishop was not acting in good faith, either objectively or subjectively. Every person enjoys the established right to be free from assaults, which is supported by the criminalization of certain assaults or the liability that comes from civil assault. Bishop would certainly be presumed to know—that is know or reasonably should have known—that throwing gas on an open fire when the Appellant was standing nearby could reasonably cause Appellant harm, thus making Bishop's action objectively unreasonable, or in bad faith. Likewise, these actions demonstrate a bad or "corrupt" motive, even in light of the Appellant's characterization of the action as being a joke or the obvious conclusion that it was done to startle him. The dangerousness of the action, whether Bishop actually intended to harm Appellant or not, demonstrates the willfulness of the act—throwing the gas on the fire even though any reasonable person would have realized the danger to Appellant—and demonstrates bad motive, or bad faith.

At the heart of either good or bad faith is the element of belief or knowledge. *Black's Law Dictionary* defines good faith as used in the context of this case as "[a] state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty or obligation...." *Black's Law Dictionary* 713 (8th ed.2004). Here, taking the facts as alleged by the Appellant to be true, Bishop could not have honestly or reasonably believed that he was faithfully performing his duty or obligation to Appellant when he threw gas on an open fire while Appellant was standing near it. Consequently, for purposes of summary judgment, it was error for the trial court to conclude that Bishop was entitled to qualified official immunity, and that judgment must be vacated. This case must thus be remanded to the trial court to set aside the summary judgment to Bishop, and proceed to trial on Appellant's claims against Bishop individually. The Court is aware that the facts are at issue in the trial of this matter, but that does not alter its conclusions in regard to whether Bishop was entitled to summary judgment at this point in the controversy.

## III. Conclusion

For the foregoing reasons, the decision of the Court of Appeals is affirmed in part and reversed in part. The decision is affirmed as to the Pulaski County Detention Center Corporation, but reversed as to Brian Bishop. The Pulaski Circuit Court's summary judgment to Bishop on the basis of qualified official immunity is vacated, and this case is remanded to Pulaski Circuit Court to proceed accordingly.

All sitting. All concur.