Debbie EDWARDS, Appellant

v.

HEADCOUNT MANAGEMENT,
Appellee.

No. 2012–CA–000535–MR.

Court of Appeals of Kentucky.

Jan. 31, 2014.

———

Theodore H. Lavit, Lebanon, KY, Patrick J. Kilburn, Louisville, KY, for Appellant.

W. Scott Stinnett, Patrick J. Kilburn, Louisville, KY, for Appellee.

Before ACREE, Chief Judge; DIXON and LAMBERT, Judges.

*OPINION*

ACREE, Chief Judge:

At issue is whether the Marion Circuit Court abused its discretion when it denied Appellant Debbie Edwards's motion to set aside summary judgment under Kentucky Rule of Civil Procedure (CR) 60.02. Finding no abuse, we affirm.

## I. *Facts and Procedure*

In July 2007, Staff Corp., Inc. and appellee Headcount Management entered into a Master Services Agreement whereby Headcount agreed to provide Staff Corp. with payroll processing and personnel services. The Agreement identified Headcount as Arrow Funding Corp. d/b/a Headcount Management. The Agreement was buttressed by a Guaranty issued by Edwards, Amanda Wood, and Russell Wood, III.

Three years later, Headcount sued Staff Corp., Edwards, Amanda, and Russell claiming they were each individually and severally liable to Headcount for services rendered in the amount of $22,467.65. Headcount identified itself in the caption of its complaint merely as "Headcount Management"; no mention of Arrow Funding Corp. was made.

The defendants filed a joint and simultaneous motion to dismiss and an answer to the complaint. In the motion to dismiss, the defendants asserted the affirmative defenses identified in CR 12.02 and, in their answer, they raised numerous affirmative defenses identified in CR 8.03. Significantly, in neither the motion to dismiss nor the answer did the defendants "raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity" either by "specific negative averment" or otherwise. CR 9.01.[1] By order entered November 12, 2010, the circuit court denied the defendants' dismissal motion.

In February 2011, Headcount sought summary judgment asserting the defendants' failure to respond to certain requests for admissions disposed of any genuine issues of material fact, and therefore it was entitled to judgment as a matter of law. Edwards opposed the motion.[2] The motion was noticed for hearing on March 21, 2011. At the hearing, Edwards put into issue, for the first time, Headcount's capacity to file suit, arguing Headcount was a non-entity incapable of suing. Headcount admitted "Headcount Management" was a d/b/a or trade name, and indicated it would readily amend the complaint to reflect the plaintiff to be Arrow Funding Corp. d/b/a Headcount Management.

On March 22, 2011, the circuit court granted Headcount's summary-judgment motion, thereby tacitly rejecting Edwards's capacity defense. Edwards moved to alter, amend, or vacate the circuit court's summary-judgment order under CR 59.05, which the circuit court denied. No direct appeal was taken.

Edwards then moved the circuit court to set aside the March 22, 2011 summary judgment pursuant to CR 60.02 on grounds that Headcount committed fraud upon the court when Headcount concealed the fact that it is a non-entity incapable of bringing suit. By order entered February 16, 2012, the circuit court declined to afford Edwards CR 60.02 relief. From this order, Edwards appeals.[3]

## II.  *Standard of Review*

CR 60.02 is an exceptional remedy necessitating cautious application. *Louisville Mall Associates, LP v. Wood Center Properties, LLC,* 361 S.W.3d 323, 335 (Ky. App.2012). Relief under CR 60.02 is appropriate "only under the most unusual and compelling circumstances." *Age v. Age,* 340 S.W.3d 88, 94 (Ky.App.2011). For that reason, the decision "to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court." *Id.*

---

1. The full text of CR 9.01 reads as follows: "It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a partnership or an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

2. Only Edwards responded to Headcount's summary-judgment motion. While Edwards's response in opposition is not contained in the record, the parties do not dispute its existence.

3. Neither Staff Corp., Amanda, nor Russell appealed the circuit court's February 16, 2012 order. They are not parties to this appeal, and are not before us.

We will not disturb the circuit court's decision absent an abuse of that discretion. *Kurtsinger v. Bd. of Trustees of Ky. Ret. Sys.*, 90 S.W.3d 454, 456 (Ky.2002). Only a decision that is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles[ ]" manifests an abuse of discretion. *Artrip v. Noe*, 311 S.W.3d 229, 232 (Ky. 2010).

### III. *Discussion*

Edwards claims she is entitled to relief under CR 60.02(d), which authorizes the trial court to afford a party relief from a final judgment or order where fraud affected the proceedings. CR 60.02(d). Edwards contends Headcount is a non-entity prohibited from filing suit because "Headcount Management" is merely a d/b/a or trade name, not a legal entity. Edwards further asserts Headcount concealed this fact prior to seeking summary judgment, thereby committing a fraud upon the court. The real party in interest, Edwards avows, is Arrow Funding Corp. d/b/a Headcount Management. While not framed using the customary nomenclature, the essence of Edwards's defense is one of capacity; that is, Headcount Management lacks the capacity to sue.

In response, Headcount asserts it may sue in the name in which it transacts business, Edwards waived her right to assert a capacity defense, and Edwards cannot articulate a valid reason for setting aside summary judgment under CR 60.02. Headcount's position is well-taken.

Edwards directs us to no Kentucky authority holding an entity may not sue in its trade name, or assumed name, or what the public often refers to as its "d/b/a." Instead, Edwards relies solely on *Bryant v. Pulaski County Detention Center*, 330 S.W.3d 461 (Ky.2011), in which the Kentucky Supreme Court held the Pulaski County Detention Center Corporation is not an entity capable of being sued because it "is entitled to sovereign immunity as an alter ego of the county." *Id.* at 465. An entity's capacity to sue or be sued in its trade name or assumed name was neither at issue nor discussed in *Bryant*. *Bryant* is of no consequence to the resolution of this matter, and Edwards's reliance thereon is misplaced.

■ Nonetheless, presuming without decision that a party is indeed barred from suing in its assumed name, we agree with Headcount that Edwards waived the defense of capacity. "[A]lthough an objection to a party's capacity ... is not technically speaking an affirmative defense, it can be analogized to an affirmative defense and treated as waived if not asserted by motion or responsive pleading, subject, of course, to the liberal pleading amendment policy of Rule 15." 5A Wright, *et al.*, Fed. Prac. & Proc. Civ. § 1295 (3d ed.). To assert capacity as a defense—whether the basis of that assertion is a plaintiff's capacity to bring suit or a defendant's capacity to be sued—compliance with CR 9.01 is compulsory and non-negotiable. *Abbott v. Southern Subaru Star, Inc.*, 574 S.W.2d 684, 688 (Ky.App.1978) ("CR 9.01 ... require[s] that the 'specific negative averment' shall include 'supporting particulars.'").

■ Here, Edwards wholly failed to assert capacity as a defense, by motion or responsive pleading, in a timely manner. Edwards faced two opportunities to raise a capacity defense: first in her pre-answer motion to dismiss, and second in her answer. No mention of capacity was asserted in either. At no point did Edwards seek leave to amend her answer. CR 15.01. Indeed, Edwards concedes the defense of capacity was first raised during the March 2011 summary-judgment hearing, several months after Edwards filed her responsive pleading. Therefore, we

conclude that Edwards waived the defense of lack of capacity. *See Clement Bros. Const. Co. v. Moore,* 314 S.W.2d 526, 531 (Ky.1958) ("Any question concerning the legal entity of [the defendant] was waived through failure to raise it by specific negative averment. CR 9.01."); *Caldwell v. Hoskins,* 312 S.W.2d 616, 618 (Ky.1958) (declaring waived the defendant's objection to the plaintiff's capacity to file suit because it was not asserted in a timely fashion).

There is another, more fundamental reason Edwards's claim of error cannot withstand scrutiny. The procedural posture of this matter is somewhat unique in that Edwards chose not to appeal the circuit court's March 22, 2011 final order granting Headcount summary judgment. Instead, in lieu of a direct appeal, Edwards sought relief via CR 60.02.

Again, CR 60.02 provides a party with the means of mounting a collateral attack on a judgment. The rule vests the trial court with authority to relieve a party from a court's final judgment or order upon certain enumerated grounds. *Hinshaw v. Hinshaw,* 216 S.W.3d 653, 656 (Ky.App.2006). However, "CR 60.02 is not properly invoked where the movant is alleging errors which could have, in the exercise of due diligence, been raised in a direct appeal." *Goldsmith v. Fifth Third Bank,* 297 S.W.3d 898, 903 (Ky.App.2009).

■ Headcount's status as a legal entity and its capacity to bring suit are the keystones of Edwards's CR 60.02 motion and this appeal. These issues certainly could have been raised in a direct appeal. They were not. CR 60.02 is not a means to challenge a judgment on bases which could have been brought on direct appeal. *See Goldsmith,* 297 S.W.3d at 903; *Brozowski v. Johnson,* 179 S.W.3d 261, 263 (Ky.App. 2005) ("[T]he purpose of CR 60.02 is to bring before a court errors which (1) had

not been put into issue or passed on, and (2) were unknown and could not have been known to the moving party by the exercise of reasonable diligence and in time to have been otherwise presented to the court." (citation omitted)).

■ Furthermore, the alleged deceit complained of here does not rise to the level of extrinsic fraud as contemplated by CR 60.02. The rule requires a party to demonstrate fraud upon the court, otherwise known as extrinsic fraud, to warrant relief. *Rasnick v. Rasnick,* 982 S.W.2d 218, 220 (Ky.App.1998).

> [F]raud upon the court is 'that species of fraud which does or attempts to subvert the integrity of the court itself.' . . . Such fraud has been construed to include only the most egregious conduct, such as bribery of a judge or a member of the jury, evidence fabrication, and improper attempts to influence the court by counsel.

*Goldsmith,* 297 S.W.3d at 904 (quoting *Rasnick,* 982 S.W.2d at 220). More recently, extrinsic fraud has been defined to include "fraud occurring outside the courtroom that interferes with presentation of the losing party's evidence to the extent that he or she is 'prevented from appearing or presenting fully and fairly his side of the case[.]' " *Terwilliger v. Terwilliger,* 64 S.W.3d 816, 819 (Ky.2002) (citation omitted). Notably omitted from the definition of fraud upon the court or extrinsic fraud are "fraudulent representations or concealments made during court proceedings." *Rasnick,* 982 S.W.2d at 220.

In this matter, Edwards places in the category of extrinsic fraud that which she refers to as Headcount's intentional and knowing concealment of its status as a non-entity, and its concealment of the fact that "Headcount Management" is simply a trade name for Arrow Funding. We find suspect the veracity of Edwards's allegations; there is no evidence Headcount con-

cealed its true identity from the circuit court. The Master Services Agreement attached to the complaint reveals Headcount Management is a trade name for Arrow Funding. To the extent, if any, Headcount Management practiced fraud upon the court, such fraud was repudiated at the March 2011 hearing, prior to entry of summary judgment, when Headcount plainly notified the court it sued under its trade name and offered to amend its complaint to reflect its status as Arrow Funding Corp. d/b/a Headcount Management. In sum, in light of *Rasnick, Goldsmith,* and *Terwilliger,* we find Headcount's conduct is not extrinsic fraud warranting CR 60.02(d) relief.

### IV. *Conclusion*

The Marion Circuit Court did not abuse its discretion when it denied Edwards's CR 60.02 motion. Accordingly, we affirm.

ALL CONCUR.