RENDERED: JANUARY 16, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2024-CA-1437-MR

FLOYD COUNTY DETENTION
CENTER AND STEVE LITTLE, IN
HIS OFFICIAL CAPACITY AS
FLOYD COUNTY JAILER                                             APPELLANTS


                    APPEAL FROM FLOYD CIRCUIT COURT
v.                  HONORABLE JOHNNY RAY HARRIS, JUDGE
                    ACTION NO. 23-CI-00544


VERNIE GIBSON, AS
ADMINISTRATRIX OF THE ESTATE
OF CODY CHAFFINS                                                 APPELLEE


                              OPINION
                     REVERSING AND REMANDING

                         ** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

CALDWELL, JUDGE: The Floyd County Detention Center and Steve Little, in

his official capacity as Floyd County Jailer, appeal from an order denying their

motion for summary judgment. We reverse and remand.

We need not recite in detail the tragic facts underlying this action because they are not germane to the narrow legal issues before us. Six days after entering the Floyd County Detention Center ("the Detention Center"), Cody Chaffins died from a fentanyl overdose. Vernie Gibson, as the administratrix of Chaffins' estate, brought this action against the Detention Center and Steve Little ("Little"), in his individual capacity and his official capacity as Floyd County Jailer. Gibson's claims against other Detention Center personnel are not at issue in this appeal. Gibson later dropped her individual capacity claims against Little when she filed amended complaints.

The Detention Center and Little jointly filed a motion for summary judgment. The Detention Center claimed it was immune from Gibson's claims because it is an arm of Floyd County, Kentucky. Little claimed he was entitled to immunity because the official capacity claims were essentially claims against Floyd County itself. The trial court issued a one-sentence order denying the motion, after which the Detention Center and Little filed this appeal.

Although an interlocutory order denying summary judgment is usually not appealable, such an order denying a claim of immunity is appealable. *See, e.g.*, *Long v. Department of Revenue*, 718 S.W.3d 868, 878 (Ky. 2025). However, in that situation the appellate court may only address the propriety of the denial of immunity. *Commonwealth, Cabinet for Health and Family Services, Department*

-2-

*for Medicaid Services v. Sexton, By and Through Appalachian Regional Healthcare, Inc.*, 566 S.W.3d 185, 190 (Ky. 2018). We review *de novo* the trial court's determination of whether a party is entitled to immunity. *Jacobi v. Holbert*, 553 S.W.3d 246, 252 (Ky. 2018).

As to the Detention Center, "pure sovereign immunity, for the state itself, has long been the rule in Kentucky . . . . Counties, which predate the existence of the state and are considered direct political subdivisions of it, enjoy the same immunity as the state itself." *Comair, Inc. v. Lexington-Fayette Urban Cnty. Airport Corp.*, 295 S.W.3d 91, 94 (Ky. 2009) (paragraph break omitted).

KRS[1] 441.025(1) requires a county to "provide for the incarceration of prisoners arrested in the county or sentenced or held by order of the courts in the county." Thus, our Supreme Court has held that a county jail (or regional detention center) enjoys immunity because its "only identity is to serve as a tool of county government, which furthers the state purpose of incarcerating lawbreakers" and thus the jail "is entitled to sovereign immunity as an alter ego of the county." *Bryant v. Pulaski Cnty. Detention Center*, 330 S.W.3d 461, 465 (Ky. 2011).

Gibson cites to nothing to distinguish this case from *Bryant*. In fact, Gibson erroneously asserts in her responsive brief that there is no published precedent holding that a county jail enjoys immunity—even though the Detention

---

[1] Kentucky Revised Statutes.

Center cited *Bryant* in its opening brief. Under *Bryant*, the Detention Center is plainly immune from Gibson's claims.

Little is also entitled to immunity from Gibson's official capacity claims. Our Supreme Court has held, albeit in a factually distinguishable context:

> The jailer is a constitutionally elected officer of the county under Section 99 of the Kentucky Constitution. And, the jailer reports to the fiscal court, which oversees the jail's operation and budget. *See generally* KRS Chapter 441. Thus, the official capacity claims are in essence claims alleging negligent operation of the jail and are, therefore, claims against the county. . . . This cloaks the jailer, in his official capacity, with the county's sovereign immunity.

*Commonwealth v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001) (citation omitted). Gibson cites to nothing to materially distinguish this case from *Harris*. Thus, Little is entitled to immunity for Gibson's official capacity claims against him.

Finally, we are not persuaded by Gibson's argument that she was entitled to conduct additional discovery to further her negligence and related claims. "A wrong is a wrong, whether intentionally or negligently committed, but unless our Constitution is changed the sovereign state cannot be held liable in a court of law for either intentional or unintentional torts committed by its agents." *Calvert Investments, Inc. v. Louisville & Jefferson Cnty. Metropolitan Sewer Dist.*, 805 S.W.2d 133, 139 (Ky. 1991). Immunity should be addressed "at the earliest possible stage in litigation[,]" and "further discovery on [Gibson's] part would be

futile[.]" *City of Paintsville v. Haney*, 718 S.W.3d 812, 828 (Ky. 2025) (internal quotation marks and citation omitted). Sovereign immunity is "absolute" and "precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity." *Yanero v. Davis*, 65 S.W.3d 510, 517 (Ky. 2001). Gibson points to no waiver of immunity here.

Any further arguments in the briefs which are not discussed herein lack merit or relevance to our resolution of the narrow issues before us. *Schell v. Young*, 640 S.W.3d 24, 29 n.1 (Ky. App. 2021). We express no opinion on Gibson's claims against other defendants.

For the foregoing reasons, the Floyd Circuit Court is reversed, and the case is remanded with instructions to grant the motion for summary judgment filed by the Floyd County Detention Center and Steve Little.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

Jonathan C. Shaw
Paintsville, Kentucky

BRIEF FOR APPELLEE:

John W. Walters
Brianna C. Palmer
Lexington, Kentucky