Mary Glenn McMURRY, Appellant,

v.

Gordon T. McMURRY, Appellee.

No. 96–CA–1938–MR.

Court of Appeals of Kentucky.

Dec. 31, 1997.

Leland R. Howard, II, John H. Helmers, Jr., Louisville, for Appellant.

Steven J. Kriegshaber, Louisville, for Appellee.

Before BUCKINGHAM, COMBS and GARDNER, JJ.

## OPINION

COMBS, Judge.

The appellant, Mary Glenn McMurry (Mary), appeals from the order of the Oldham Circuit Court denying her motion pursuant to CR 60.02 to vacate and set aside the parties' Property Settlement Agreement as unconscionable. The circuit court found that the parties' agreement was not unconscionable and that the appellant had not met the standard set forth in CR 60.02. Finding no error, we affirm the order of the circuit court.

On June 20, 1992, Dr. Gordon McMurry filed a petition for dissolution of his 30–year marriage to Mary. The McMurrys negotiated a property settlement agreement, which they filed with the court on August 20, 1992. The agreement provided that Gordon would be responsible for all of the couple's marital debts, totaling approximately $360,000.00. Mary agreed to relinquish any interest in Gordon's medical practice, the marital residence, and real estate; Gordon would be solely responsible for the mortgages, taxes, liens, and other debts associated with the property.[1] Furthermore, Gordon was to pay Mary a lump sum of $18,000.00 and an additional $29,000.00 a year in maintenance until she reached the age of 65 to supplement her $7,000 annual income from his medical practice. The agreement also provided that maintenance would be reviewed in sixty months and was subject to increase upon meeting certain conditions. The parties' pension plans were divided equally—as were the household furnishings, jewelry, and furs. Each party was given one of the two vehicles acquired during the marriage, and Gordon was to continue to be responsible for the payments on the car assigned to Mary.

On August 20, 1992, the court entered a decree of dissolution, incorporating by reference the parties' property settlement agreement filed with the court. In its order, the court specifically found that the property settlement agreement was not unconscionable and that it represented the actual intent of the parties. On September 11, 1995, Mary filed a motion to vacate and set aside the parties' settlement agreement under CR 60.02. On June 10, 1996, the circuit court entered an order denying Mary's motion. The court found that she had not met the standard set out in CR 60.02 for setting aside and vacating a judgment on the basis of fraud or newly discovered evidence. The court again held that the parties' agreement was not unconscionable. This appeal followed.

Mary argues on appeal that the court erroneously denied her motion to vacate and set aside the property settlement agreement. Specifically, she contends that Gordon misrepresented to her that his medical practice had no value, that the couple's marital residence and real estate had a negative value, and that his income in 1991 was substantially lower than it had been in previous years. She claims that Gordon took advantage of her emotional state and led her to believe that they were on the verge of bankruptcy. She maintains that she relied on his misrepresentations in assenting to the property settlement agreement. She contends, therefore, that pursuant to CR 60.02(d) and (f), the court should have set aside and vacated the agreement.

▄▄▄ CR 60.02 provides:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud af-

---

1. During their marriage, the McMurry's purchased 29 acres of land. They built a home on a portion of the land, intending to live in it while they built their "dream home" on the accompanying acreage. However, at the time of the dissolution, the bank and the contractors were demanding payment, and construction on the new house had been halted. The property at this point was valued at $202,000.00, but the debt attached to it totaled $217,000.00.

fecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

The type of "fraud affecting the proceedings" necessary to justify reopening under CR 60.02(d) generally relates to extrinsic fraud. W. Bertelsman and K. Phillipps, *Kentucky Practice* CR 60.02, cmt. 6, at 426 (4th ed.1984). Extrinsic fraud covers "fraudulent conduct outside of the trial which is practiced upon the court, or upon the defeated party, in such a manner that he is prevented from appearing or presenting fully and fairly his side of the case." *Id.* Furthermore, "perjury by a witness or nondisclosure of discovery material is not the type of fraud to outweigh the preference for finality." *Id.* at 425.

■ In the case *sub judice*, Mary has failed to establish "fraud affecting the proceedings" as the term is used in CR 60.02(d). The record does not support her contention that Gordon attempted to or concealed and misrepresented any information relating to the medical practice or the couple's finances. This information was discoverable and could have been obtained through formal discovery if Mary had elected to do so in lieu of entering into the property settlement agreement without conducting an independent inquiry of her own. There is no evidence in the record—nor is any offered by the appellant—to indicate that Gordon acted in a fraudulent manner. Bare allegations will not suffice to establish "fraud affecting the proceedings." In the case *sub judice*, Mary has not met her burden of proving that Gordon's actions rise to the level of fraud.

■ Mary also asserts that the agreement is manifestly unjust and inequitable and should be set aside and vacated under CR 60.02(f). CR 60.02(f) permits reopening for "any other reason of an extraordinary nature justifying relief." Mary argues that the agreement is so unconscionable that it justifies relief of an extraordinary nature. We disagree. At the time of dissolution, the parties had acquired massive debts which exceeded their income. Gordon assumed all of the debts and agreed to pay maintenance to Mary. The fact that he was subsequently able to obtain financing, to complete the unfinished home, and to manage to reduce some of the debt does not render the agreement unconscionable. Indeed, the settlement agreement provides that maintenance to Mary will be reviewed and *increased* if the marital debts have been satisfied and if Gordon's income is in excess of $275,000.00. Considering the parties' financial circumstances at the time of the dissolution, we cannot find that the agreement was unconscionable.

■ Furthermore, relief is not available under CR 60.02(f) unless the asserted grounds for relief are not recognized under subsections (a), (b), (c), (d), or (e) of the rule. *In re Emergency Beacon Corporation; Montco, Inc. v. Barr,* 666 F.2d 754, 758 (2nd Cir.1981). We have already addressed the issue of whether Gordon engaged in "fraud affecting the proceedings" and have found that Mary failed to prove that Gordon committed fraud or made misrepresentation.

■ As an appellate court, "[w]e are constrained from overturning the findings of the trial judge unless they are clearly erroneous." *Aton v. Aton,* Ky.App., 911 S.W.2d 612, 615 (1995). The record in this case supports the trial court's findings that Mary did not meet the standards set out in CR 60.02. She could not demonstrate that Gordon perpetrated "fraud affecting the proceedings" nor that the agreement was unconscionable.

We therefore affirm the circuit court's order denying Mary's motion to set aside and vacate the parties' property settlement agreement.

All concur.