**COMMONWEALTH of Kentucky, Appellant,**

v.

**Jose Antonio BUSTAMONTE, Appellee.**

**No. 2003–CA–000502–MR.**

Court of Appeals of Kentucky.

April 30, 2004.

Case Ordered Published by Court of Appeals July 9, 2004.

As Modified July 23, 2004.

**8.** Ky., 19 S.W.3d 657 (2000).

**9.** *Id.* at 659.

A.B. Chandler, III, Attorney General, Joseph T. Bouvier, Special Assistant Attorney General, Frankfort, KY, for Appellant.

No appellee brief.

Before GUIDUGLI, JOHNSON and MINTON, Judges.

*OPINION*

GUIDUGLI, Judge.

The Commonwealth of Kentucky appeals from an order of the Fayette Circuit Court reducing the sentence of Jose Antonio Bustamonte (hereinafter "Bustamonte") upon finding a reason of extraordinary nature justifying relief under CR 60.02(f). For the reasons stated herein, we reverse.

On June 22, 2001, Bustamonte entered a plea of guilty in Fayette Circuit Court to two amended misdemeanor charges of theft by failure to make required disposition of property. The charges stemmed from the failure of Bustamonte and a co-defendant to post bail for several individuals after having received money from the individuals' relatives for that purpose. On July 18, 2001, Bustamonte was sentenced to 12 months on each count, to be served concurrently for a total sentence of 12 months.

On June 19, 2002, Bustamonte filed a motion to modify his sentence. As a basis for the motion, he noted that the length of

sentence affected his immigration status, and he sought a change in sentence to two six-month terms or, alternatively, a 364–day sentence. The motion was denied, and no appeal was taken.

On December 3, 2002, Bustamonte filed a motion seeking RCr 11.42 relief. He argued that his trial counsel was ineffective in failing to investigate and advise him of the consequences of his plea on his immigration status. Upon determining that she could not grant RCr 11.42 relief, the trial judge stated that she would treat the matter as an oral motion for CR 60.02(f) relief. She then granted the oral motion, reducing his sentence by one day so that his criminal conviction would be treated by immigration authorities as a misdemeanor rather than a felony. A written order to that effect was rendered on March 7, 2003, which reduced Bustamonte's sentence from two concurrent 12–month terms to two concurrent 364–day terms. This appeal followed.

The Commonwealth now argues that the trial court committed reversible error in amending Bustamonte's sentence from two concurrent 12–month terms to two concurrent 364–day terms. It argues that the trial court lost jurisdiction over the final order ten days after its entry, and maintains that the trial court's desire to help Bustamonte with a potential immigration problem is not "a reason of extraordinary nature justifying relief" as set forth in CR 60.02(f). It also argues that Bustamonte has had several bites at the apple on this issue, and that all of the parties are entitled to finality with respect to the enforcement of the judgment. It seeks an order reversing the order on appeal and reinstating the original judgment and sentence.

Having closely examined the record and the law, we find the Commonwealth's argument persuasive and must reverse the order amending Bustamonte's sentence. As is clear from the record, Bustamonte's RCr 11.42 motion was treated as an oral motion for CR 60.02(f) relief. CR 60.02 states, "[O]n motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (f) any other reason of an extraordinary nature justifying relief." Relief from judgment for "any other reason justifying relief" is not available unless asserted grounds for relief are not encompassed within any of the first five clauses of rule governing relief from judgment. *McMurry v. McMurry,* Ky.App., 957 S.W.2d 731 (1997). These reasons include mistake, inadvertence, surprise or excusable neglect, newly discovered evidence, perjury or falsified evidence, and fraud. CR 60.02.

It is axiomatic that CR 60.02(f) requires extraordinary circumstances to be shown before relief will be granted. *Berry v. Cabinet for Families & Children,* Ky., 998 S.W.2d 464 (1999), citing *Bishir v. Bishir,* Ky., 698 S.W.2d 823 (1985). The standard of review for relief under CR 60.02(f) is whether the trial court abused its discretion. *Dull v. George,* Ky.App., 982 S.W.2d 227 (1998), citing *Bethlehem Minerals Company v. Church and Mullins, Corp.,* Ky., 887 S.W.2d 327 (1994). "Relief under CR 60.02(f) is available where a clear showing of extraordinary and compelling equities is made." *Bishir,* 698 S.W.2d at 826. "The two factors for the trial court to consider in exercising its discretion are (1) whether the moving party had a fair opportunity to present his claim at the trial on the merits and (2) whether the granting of CR 60.02(f) relief would be inequitable to other parties." *Dull,* 982 S.W.2d at 229.

In the matter at bar, we cannot conclude that Bustamonte's apparent immigration problem is a reason of an extraordinary nature justifying relief of the

type envisioned under CR 60.02(f). Bustamonte clearly had the opportunity to address this matter in the sentencing phase of his circuit court proceeding, see *Dull, supra,* and his subsequent motion to amend his sentence (the same issue now before us) was denied. The Kentucky Supreme Court has warned that because of the desirability of according finality to judgments, CR 60.02(f) must be invoked only with extreme caution, and only under most unusual circumstances. *Cawood v. Cawood,* Ky., 329 S.W.2d 569 (1959). A defendant's apparent immigration problem is not a reason of an extraordinary nature justifying relief, and the trial court abused its discretion in failing to so find. *Bethlehem Minerals Company, supra.*

Furthermore, though it is not clear from the appellate record, it appears that Bustamonte probably had completed his sentence before filing the RCr 11.42 motion upon which this appeal is based.[1] Logic would dictate that a sentence cannot be amended after it has been served. This point aside, a motion for relief from judgment must be made "within a reasonable time", CR 60.02, and a reasonable time in which to amend a 12–month sentence would be within 12 months of the date of sentencing or the period of time of probation.

Lastly, we are also persuaded by the Commonwealths argument that the order amending the sentence should be reversed by virtue of the fact that the trial court lost jurisdiction over the case 10 days after entry of the judgment and sentence. CR 59.05; *Commonwealth v. Gross,* Ky., 936 S.W.2d 85 (1996). While some may laud the trial courts attempt to ease Bustamonte's immigration problem, it had no jurisdiction to amend the sentence beyond the means provided by CR 60.02

and RCr 11.42. As we have determined that Bustamonte was not entitled to CR 60.02 relief, there was no basis for amending the judgment more than 10 days after its entry.

For the foregoing reasons, we reverse the order of the Fayette Circuit Court amending Bustamonte's sentence, and remand this matter for reinstatement of the original judgment and sentence.

ALL CONCUR.

---

1. Bustamonte was sentenced to serve 12 months on July 18, 2001. The sentence was probated for two years *or* the time necessary to complete restitution. Bustamonte filed the motion that forms the basis of this appeal on December 3, 2002.