RENDERED:  MARCH 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0261-MR

SHAWN OGDEN                                                          APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A. C. MCKAY CHAUVIN, JUDGE
ACTION NO. 15-CR-002205

COMMONWEALTH OF KENTUCKY                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

DIXON, JUDGE:  Shawn Ogden, *pro se*, appeals from an order of the Jefferson

Circuit Court, entered on February 4, 2021, denying his motion to amend his

prison sentence pursuant to CR[1] 60.02(f), CR 60.03, and the Fifth, Eighth, and

Fourteenth Amendments to the United States Constitution.  Following review of

the record, briefs, and law, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

On October 27, 2015, having pled guilty to three counts of burglary, Ogden was sentenced to three years for each count, to run consecutively for a total sentence of nine years, which was probated for five years. On December 20, 2018, following Ogden's stipulation to violating the terms of his probation, the trial court entered an order revoking his probation. In February 2021, Ogden moved the trial court to amend the final judgment pursuant to CR 60.02, CR 60.03, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, which the trial court denied shortly thereafter. This appeal followed.

## STANDARD OF REVIEW

This Court reviews orders on CR 60.02 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). A trial court's denial of a CR 60.03 motion is also reviewed for abuse of discretion. *Rogers Grp., Inc. v. Masterson*, 175 S.W.3d 630, 636 (Ky. App. 2005) (citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). Questions of constitutionality are reviewed *de novo*. *Phon v. Commonwealth*, 545 S.W.3d 284, 290 (Ky. 2018) (citation omitted).

## ANALYSIS

Ogden is currently incarcerated at the Bell County Forestry Camp and argues he is entitled to relief from the remainder of his sentence due to the risk of contracting SARS-CoV-2 ("COVID-19"). More specifically, Ogden argues: (1) the trial court abused its discretion in denying his motion under CR 60.02(f); (2) the trial court abused its discretion in denying his motion under CR 60.03; and (3) he is entitled to relief under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

First, Ogden is not entitled to relief under CR 60.02(f). The Supreme Court of Kentucky has held there is a "high standard for granting a CR 60.02 motion," because relief under CR 60.02 is designed to be "special" and "extraordinary." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101-02 (Ky. 1998). "[B]ecause of the desirability of according finality to judgments, CR 60.02(f) must be invoked only with extreme caution, and only under most unusual circumstances." *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 584 (Ky. App. 2004) (citation omitted).

Although the COVID-19 pandemic may be considered unusual and extraordinary, CR 60.02 "functions to address significant defects in the trial proceedings." *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (citing *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985)). Here,

-3-

Ogden does not allege error stemming from any trial proceedings; rather, he argues for release based on nebulous concerns for his health as a result of the COVID-19 pandemic. However, health concerns are not trial defects and do not qualify as "claims of an extraordinary nature" entitling Ogden to relief under CR 60.02(f). *Ramsey*, 453 S.W.3d at 739 (internal quotation marks and citation omitted). In fact, we have rejected similar COVID-19-based arguments of other prisoners. *Williams v. Commonwealth*, Nos. 2019-CA-0964-MR and 2020-CA-0638-MR, 2021 WL 943753 (Ky. App. Mar. 12, 2021); *Gribbins v. Commonwealth*, No. 2020-CA-0635-MR, 2021 WL 1164461 (Ky. App. Mar. 26, 2021); *Morris v. Commonwealth*, No. 2020-CA-1195-MR, 2021 WL 1933656 (Ky. App. May 14, 2021); *Thomas v. Commonwealth*, No. 2020-CA-1081-MR, 2021 WL 3117200 (Ky. App. Jul. 23, 2021); *Eaves v. Commonwealth*, No. 2020-CA-1276-MR, 2021 WL 3818113 (Ky. App. Aug. 27, 2021); and *Jackson v. Commonwealth*, ___ S.W.3d ___, 2022 WL 332725 (Ky. App. Feb. 4, 2022).

Ultimately, because Ogden does not raise claims of error from a defect in trial proceedings, he is not entitled to CR 60.02 relief. *See Wine*, 699 S.W.2d at 754. Thus, the trial court did not abuse its discretion in denying his CR 60.02 motion.

Second, Ogden's claim under CR 60.03 must also fail. CR 60.03 states:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

The plain language of CR 60.03 requires a separate, independent action. There is no evidence that occurred herein.

Even so, Ogden's argument is the same as that which fails under CR 60.02(f); consequently, he is not entitled to relief under CR 60.03. *Foley*, 425 S.W.3d at 888 (quoting CR 60.03) ("Appellant is not entitled to relief under CR 60.02. As such, in effect, the 'relief sought [in his CR 60.03 action] has been denied in a proceeding by motion under Rule 60.02.' It follows that Appellant is not entitled to relief under CR 60.03."). Likewise, similar CR 60.03 arguments made by other inmates during the COVID-19 pandemic have been consistently rejected. *Williams*, 2021 WL 943753, at *2-3; *Gribbins*, 2021 WL 1164461, at *2; *Morris*, 2021 WL 1933656, at *2; *Thomas*, 2021 WL 3117200, at *2; *Eaves*, 2021 WL 3818113, at *2; and *Jackson*, ___ S.W.3d ___, 2022 WL 332725, at *3.

Additionally, CR 60.03 "is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017). To be entitled to such relief, Ogden must establish three necessary elements. The Supreme Court of Kentucky has held:

> Generally, claimants seeking equitable relief through independent actions must meet three requirements. Claimants must (1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; **and** (3) establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief.

*Bowling v. Commonwealth*, 163 S.W.3d 361, 365 (Ky. 2005), *abrogated on other grounds by Woodall v. Commonwealth*, 563 S.W.3d 1 (Ky. 2018) (emphasis added) (original emphasis and citation omitted).

In addition to his failure to file an independent action, Ogden has not shown that he has no other available or adequate remedy; neither has he established recognized grounds for equitable relief. Concerning the second element, while Ogden did not create the COVID-19 pandemic, his actions led to his incarceration. In any event, all three elements must be met for entitlement to the requested relief. Accordingly, the trial court did not abuse its discretion in denying Ogden's CR 60.03 motion.

Despite his assertions, Ogden has not demonstrated that he is entitled to relief under the Fifth Amendment. While he quotes from part of the amendment and repeatedly states he was deprived of due process, he fails to allege *how* he was deprived of due process of law. We will not search the record to construct Ogden's argument for him, nor will we go on a fishing expedition to find support for his underdeveloped arguments. "Even when briefs have been filed, a reviewing

-6-

court will generally confine itself to errors pointed out in the briefs and will not search the record for errors." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979).

Ogden is also not entitled to relief under the Eighth Amendment, which is violated "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Griffith v. Franklin County, Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020) (citations omitted).

In the case herein, Ogden implies the Bell County Forestry Camp is failing to provide inmates with reasonable safety because there are "no avenues to social distance in prison[.]" However, this is an unsupported assertion. The same is true of Ogden's claims under the Fourteenth Amendment. Ogden simply fails to explain *how* he was denied due process or equal protection of the law. Therefore, we cannot say the trial court erred in denying his motion.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Shawn K. Ogden, *pro se*
Pineville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky