RENDERED: AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0367-MR

ADAM ANTHONY BARKER                                        APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.              HONORABLE MITCH PERRY, JUDGE
ACTION NOS. 04-CR-003560, 05-CR-000239, AND 05-CR-001958

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND K. THOMPSON,
JUDGES.

CETRULO, JUDGE: Adam Anthony Barker appeals from the Jefferson Circuit

Court order denying his motion for relief pursuant to Kentucky Rule of Civil

Procedure ("CR") 60.02(d) and (f).

## Factual and Procedural History

Appellant Adam Anthony Barker ("Barker") was charged in three separate indictments in December 2004 and January 2005, with one of the indictments stemming from an altercation on October 23, 2004. During that altercation, Barker sprayed chemical mace in several individuals' faces and stabbed three individuals. One of the victims died, and several others were injured. That night, Barker was accompanied by several friends, four of whom were later indicted for murder and assault.

In March 2006, in Jefferson Circuit Court, Barker was tried by a jury and convicted of one count of wanton murder, two counts of first-degree assault, five counts of second-degree assault, and tampering with physical evidence. Although Barker had been indicted with his four friends who were present during the altercation, he was tried alone, and the others testified at his trial. The friends were initially Barker's co-defendants, but the prosecution had entered into an agreement with them to sever their charges and to wait to proceed with their trial until the conclusion of Barker's trial. At trial, Barker claimed that he was acting in defense of his friends during the altercation. However, Barker's friends testified that they did not believe they were at risk of death or serious injury and that Barker's actions were not necessary.

After his conviction, Barker entered into a sentencing agreement with the prosecution to resolve his remaining charges. Per the agreement, Barker was sentenced to 40 years in prison, and he waived his right to appeal all issues regarding the jury trial. After he was convicted and had entered into the sentencing agreement, but before he was sentenced, the prosecution moved to dismiss the charges against Barker's four friends.

In April 2009, Barker, *pro se*, filed a motion to vacate judgment pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42, alleging ineffective assistance of counsel. The Jefferson Circuit Court denied the motion, and this Court affirmed, finding that Barker did not overcome the presumption that his counsel provided a reasonable trial strategy. *See Barker v. Commonwealth*, No. 2009-CA-001079-MR, 2011 WL 1327141 (Ky. App. 2011). In November 2011, Barker, *pro se*, filed a CR 60.02(f) motion seeking to vacate one of his second degree assault convictions due to extraordinary circumstances justifying relief. The circuit court denied the motion, and this Court affirmed on appeal, finding that Barker failed to show the presence of extraordinary circumstances or manifest injustice which would warrant additional review under CR 60.02(f). *See Barker v. Commonwealth*, No. 2012-CA-001657-MR, 2014 WL 1004628 (Ky. App. 2014).

In September 2020, approximately 14 years after he was convicted, and nine years after his last motion, Barker, *pro se*, filed a motion under CR

60.02(d) and (f). In that motion, he claimed prosecutorial and judicial misconduct based on the Commonwealth's agreement to try his friends separately and the eventual dismissal of their charges. Barker alleges that the Commonwealth's decisions resulted in his friends being referred to as "defendants" in front of the jury rather than "victims," which hindered his strategy of arguing that he acted in defense of his friends. Barker also alleges that the circuit court engaged in misconduct by conspiring with the Commonwealth's prosecution.

Barker claims that he waited to bring his second CR 60.02 motion because of "duress and fear" that prosecutors would go back on their immunity deals and prosecute his friends. The circuit court denied Barker's motion, finding that Barker had "already had a bite at CR 60.02" and that he presented "zero evidence of misconduct that . . . would entitle him to the type of special, extraordinary relief that a *second* [CR] 60.02 motion would provide." This appeal followed.

## Standard of Review

This Court reviews a trial court's orders on CR 60.02 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal

principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

**Analysis**

Our Kentucky Supreme Court has held there is a "high standard for granting a CR 60.02 motion," because relief under CR 60.02 is meant to be "special" and "extraordinary." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101-02 (Ky. 1998). Specifically, to succeed on his CR 60.02 motion under subsection (d), Barker must show that fraud other than perjury or falsified evidence affected the proceedings. To succeed on his CR 60.02 motion under subsection (f), Barker must show any other reason of an extraordinary nature that justifies relief. "[B]ecause of the desirability of according finality to judgments, CR 60.02(f) must be invoked only with extreme caution, and only under most unusual circumstances." *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 584 (Ky. App. 2004) (citation omitted). Additionally, a CR 60.02 motion must be "made within a reasonable time." CR 60.02.

Barker claims he is entitled to relief because (1) the prosecution allegedly conspired against him, and the presiding judge took part in that conspiracy; and (2) the Commonwealth's closing argument used improper modes

of argument[1] that rendered his trial fundamentally unfair.  Additionally, Barker argues the circuit court erred when it denied his second CR 60.02 motion without holding an evidentiary hearing.

As a threshold matter, this Court finds that the circuit court did not err in denying Barker an evidentiary hearing on his motion.  In *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983), our Supreme Court held, "[b]efore the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief."  Barker has not alleged any facts which, if true, justify vacating the judgment.  Barker only provides the "fact" that the prosecution severed his friends' charges, and then dismissed their charges once he was convicted.  He speculates that this indicates a conspiracy between the Commonwealth, his friends, and the court, but he does not allege any fact which, if true, would support his claim.  Barker also does not allege special circumstances that would justify CR 60.02 relief, other than his unsupported claims of conspiracy.  Therefore, this Court finds that the circuit court did not err in denying Barker an evidentiary hearing.

---

[1] Specifically, Barker claims the prosecution referred to the victims as hardworking young men but referred to Barker and his friends as people who enjoyed hurting people.  Barker claims the prosecution's remarks were calculated to appeal to resentment the jury has towards the social problems of class bias and income inequality.

Barker next claims that his CR 60.02 motion should be granted because of prosecutorial and judicial misconduct. First, Barker's CR 60.02 motion fails because it was not made within a reasonable time. Barker filed this motion 14 years after his conviction, and nine years after his last motion. However, Barker admits that he knew enough about the alleged conspiracy to raise his claims of prosecutorial and judicial misconduct before he was sentenced in 2006. Barker claims that "duress and fear" prevented him from raising this misconduct issue at an earlier time. Specifically, Barker alleges that his defense counsel relayed a threat to him that his friends would be prosecuted if he raised these claims. Barker contends that he brought this motion now because he believed that he had waited long enough to prohibit the Commonwealth from prosecuting his friends.

Although he claims that he wanted to protect his friends, Barker has only had contact with one of the four men since 2006 and does not provide any specific details about the extent of their relationship. None of the men have come forward to support Barker's claim of misconduct. Barker fails to provide evidence that his defense counsel received a threat from the prosecution and does not explain why Barker's defense counsel would encourage him to protect his friends over himself.

Our Supreme Court has held that "CR 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could reasonably have

been presented by direct appeal or an RCr 11.42 proceeding." *Foley*, 425 S.W.3d at 884 (citation omitted). Barker's "duress and fear" excuse, under these circumstances, does not justify waiting 14 years to bring these claims, nor does it excuse his failure to present these claims in either his earlier RCr 11.42 or the first CR 60.02 motion.

This Court has held a delay of four years after entering a guilty plea to be untimely in *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007).[2] Our Supreme Court has also found a five year delay in filing a CR 60.02 motion to be untimely, stating "[w]hat constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross*, 648 S.W.2d at 858. In Barker's case, the Jefferson Circuit Court exercised its discretion to determine 14 years after his conviction was not within a reasonable time under the requirements of CR 60.02.

Our Supreme Court evaluated a 14-year delay in *Baze v. Commonwealth*, 276 S.W.3d 761 (Ky. 2008). In *Baze*, the defendant believed the circuit court had improperly transferred his trial to another county. *Id.* at 766. The Kentucky Supreme Court held that any challenge could have, and should have,

---

[2] Defendant had pled guilty and served his sentence without attempting to obtain post-conviction relief. Although Defendant argued that he should have been informed that he would be deported after serving his sentence, this Court did not accept the lack of knowledge as an excuse for the delay.

been raised in a direct appeal or any of defendant's other motions for post-conviction relief. *Id.* at 768. Barker's case is similar, as he waited 14 years to raise the claim of conspiracy, but claimed he knew of the conspiracy at the time of his trial. For these reasons, this Court finds that the circuit court did not err when it found Barker's CR 60.02 motion was procedurally barred because it was not "made within a reasonable time."

## I.    CR 60.02(d)

Barker's CR 60.02(d) motion fails because he does not show that fraud other than perjury or falsified evidence affected the proceedings. Barker argues the Commonwealth fraudulently put forward throughout the proceedings that the agreements it had entered into with his friends granted them separate trials, not immunity. However, once Barker was convicted and had entered into a sentencing agreement with the Commonwealth, they moved to dismiss all charges against his friends. As mentioned, Barker's trial strategy was to claim he acted in defense of his friends. Barker claims the Commonwealth's fraud, and the court's complicity, prevented him from fully presenting his theory of the case.

This Court has held CR 60.02(d) requires extrinsic fraud. *Rasnick v. Rasnick*, 982 S.W.2d 218, 219 (Ky. App. 1998). Extrinsic fraud is typically construed to mean truly egregious conduct, such as bribery of a judge or member of the jury, fabrication of evidence, or counsel improperly attempting to influence

the court. *Id.* at 219-20 (citing *Wise v. Nirider*, 261 Mont. 310, 862 P.2d 1128 (1993)). Our Kentucky Supreme Court has expanded the definition of extrinsic fraud, stating that while finality of judgment is preferred, "it cannot take precedence over the fair and equitable resolution of disputes." *Terwilliger v. Terwilliger*, 64 S.W.3d 816, 819 (Ky. 2002).

Barker may claim that the Commonwealth, the court, and his friends engaged in fraud, but he provides no affirmative evidence that such a conspiracy took place. The Commonwealth dismissed his friends' charges once Barker, the perpetrator of the stabbing, was convicted. Other than listing the actual events of the trial, Barker provides no facts that would warrant relief under CR 60.02(d).

## II.    CR 60.02(f)

Barker's CR 60.02(f) motion fails because he does not meet the standards of "special" and "extraordinary" relief the subsection requires. Barker alleges that the Commonwealth made a secret deal with his friends that prevented him from using his "protection of others" defense, as planned. However, he provides no evidence to support his claims. Barker uses two arguments to contend that a conspiracy exists, but the arguments provide no proof of misconduct. One argument states that the charges against Barker's friends were dismissed because they testified against Barker, and the other states that the charges were dismissed after the friends agreed to testify. However, the fact that the friends testified

-10-

against Barker, the perpetrator during the altercation, does not indicate that a secret deal took place.

This Court has held that a defendant's potential immigration problem[3] is not a reason of extraordinary nature that justifies relief under CR 60.02(f). *Bustamonte*, 140 S.W.3d at 583. In *Bustamonte*, the defendant had the opportunity to make his CR 60.02(f) claim during the sentencing phase of his circuit court proceeding, but his counsel failed to advise him of the consequences of his plea on his immigration status. *Id*. In Barker's case, a conspiracy that he cannot support with facts does not satisfy the "extraordinary" requirement of CR 60.02(f).

Barker also claims that the trial judge "played along" with the prosecution's conspiracy, thereby engaging in judicial misconduct. However, again, Barker has not provided any evidence indicating that the trial judge conspired with the Commonwealth.

Finally, Barker maintains the trial prosecutor used specific words during his/her closing argument to inflame the jury and tried to "create [a] class bias that created prejudicial error[.]" However, Barker waived his right to pursue all appeals regarding the jury trial in order to make the sentencing deal with the

---

[3] The Court did not explicitly state what the potential immigration issue would be, only that it would be affected by the length of the defendant's sentence.

prosecution. Barker knew of the prosecutor's closing argument at the time he agreed to the deal; therefore, he waived his right to challenge it now.

## Conclusion

The Jefferson Circuit Court did not abuse its discretion when it denied Barker's CR 60.02 motion. The circuit court did not abuse its discretion when it determined that Barker presented no evidence that would entitle him to "special" or "extraordinary" relief under his second CR 60.02 motion. The circuit court did not err in denying Barker an evidentiary hearing on his CR 60.02 motion, because he did not affirmatively allege facts which, if true, would justify vacating the judgment. Barker failed to satisfy the "within a reasonable time" requirement and presented no evidence of the alleged conspiracy. For all these reasons, we AFFIRM the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Anthony Barker, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jeffrey A. Cross
Frankfort, Kentucky