RENDERED: JULY 28, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1035-MR

LEE ALLEN CANAFAX                                          APPELLANT

APPEAL FROM SCOTT CIRCUIT COURT
v.      HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 09-CR-00166

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

EASTON, JUDGE: The Appellant ("Canafax") asks for review of the denial of his

CR[1] 60.02 motion. Because Canafax did not file his motion within a reasonable

time, the grounds asserted in that motion were or could have been raised in a prior

post-conviction motion, and the ultimate result of his guilty plea was just, the

---

[1] Kentucky Rules of Civil Procedure.

circuit court did not abuse its discretion in denying the motion. As a result, we affirm the Scott Circuit Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Scott County Grand Jury indicted Canafax for first-degree sodomy[2] and multiple counts of first-degree sexual abuse. The victim of the charges was Canafax's great-niece ("G.N."),[3] who was approximately six years old at the time of the offenses. Canafax entered a guilty plea to an amended charge of first-degree sodomy. G.N.'s age was disregarded reducing the sodomy charge from a Class A felony to a Class B felony. The trial court sentenced Canafax to twelve years for the sodomy and five years each for the three counts of sexual abuse. The sexual abuse sentences were consecutive to each other and to the sodomy sentence for a total sentence of 27 years.

Sentencing occurred in July of 2011. In 2014, Canafax filed an RCr[4] 11.42 motion. Canafax claimed he had discovered at least part of his sentence was subject to an 85% minimum parole eligibility. He asserted he was under the impression the 20% minimum would apply and claimed his counsel was ineffective for giving him this impression. The trial court conducted a hearing on

---

[2] Canafax admitted he performed oral sex on the child.

[3] To protect the identity of the child we will refer to her only by abbreviation of her relationship with Canafax.

[4] Kentucky Rules of Criminal Procedure.

the RCr 11.42 motion in February of 2015. At the conclusion of this hearing, the trial court noticed the heading of the Indictment refers to three counts of sexual abuse, but only two counts were stated in the body of the Indictment. The parties were given time to discuss the matter and file briefs and to consider an agreed order.

On June 1, 2015, counsel presented an Agreed Order as "an agreement to resolve all matters."[5] The court signed the Agreed Order, and the clerk of the court entered it. The result of the Agreed Order was to remove the conviction for one of the counts of sexual abuse and reduce the total sentence from 27 years to 22 years.

Canafax filed his CR 60.02 motion almost four years later in March 2019. With the help of a prison legal aide, Canafax said he had discovered changes in statutory law which became effective in July of 2006, and which changed first-degree sexual abuse involving a child under twelve years of age from a Class D to a Class C felony. That crime was added to the list of violent offenses. Another statutory change lengthened the time for post-incarceration supervision for sex offenders from three to five years.

For the first time, Canafax insisted his crimes were committed before July 12, 2006, instead of in August of 2006 as stated in his Indictment. Canafax

---

[5] Video recording of 6-1-2015 at 9:45:17-9:47:15.

claimed the Commonwealth committed an "obvious fraud" by leading the grand jury to indict him for events in August of 2006 when they should have known the events happened prior to that month. The trial court conducted a hearing on the CR 60.02 motion in 2020. At this hearing, Canafax presented evidence of his having moved in May of 2006 from the residence where G.N. had lived with him and where she indicated the sodomy happened.

In a detailed and well-reasoned Order, the trial court denied the CR 60.02 motion. In the Order, the trial court observed Canafax's issues "should have been raised years ago[.]" Also, Canafax could have raised the question of the date of his offenses in his RCr 11.42 motion. On the merits of the motion, the trial court found no evidence to support Canafax's claim of fraud by the Commonwealth. This appeal followed. We will detail further evidence and circumstances in our analysis.

STANDARD OF REVIEW

We review a denial of a CR 60.02 motion for an abuse of discretion. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

ANALYSIS

The police interviewed G.N. in 2009, three years after the events. G.N. said the abuse stopped when she was six or seven.[6] Given G.N.'s date of birth, this would put the date range from October 2005 through October 2007. G.N. remembered the sodomy occurred when G.N. lived with Canafax, and this would have been at the residence from which Canafax moved in May of 2006, according to evidence Canafax presented in 2020.

The numerous incidences of sexual abuse did not all occur at a residence. G.N. explained the touching most often occurred in a vehicle when Canafax would take her to a store. G.N. admitted: "I remember him doing it to me; I just don't remember where."[7]

When interviewed, Canafax confessed to both the sodomy and the sexual abuse. Canafax admitted to the sexual abuse occurring at least a dozen times. This admission was recorded and summarized in a citation leading to the Indictment.

Based upon the testimony presented to them, the grand jury indicted Canafax for events occurring in "the month of August 2006." The trial court arraigned Canafax on January 4, 2010. At this arraignment, both Canafax and his

---

[6] Recording of Interview on 8-13-19 at 1:40:15-1:40:45.

[7] Recording of Interview on 8-13-19 at 1:33:40-1:34:40.

counsel looked at the first page of the Indictment where the date range appears. At the first pretrial conference on March 1, 2010, Canafax's counsel acknowledged receipt of the tapes of the statements, which, of course, could have reminded Canafax of the circumstances of the events and where he was living at the time.

On April 4, 2011, Canafax entered his guilty plea. The trial court asked Canafax if he had read the facts as stated in the Indictment and understood them. Canafax said he had read the Indictment and understood the facts stated. When asked if these facts were true and correct, Canafax responded, "They are."[8]

At sentencing in July of 2011, Canafax's attorney quoted Canafax describing his crimes as "monstruous." Canafax also said: "It is only proper that I do [go to jail] because it's justice for my victim."[9] It would become apparent Canafax believed the amount of time he should serve for his monstruous crimes was limited when he filed his first post-conviction motion.

Canafax claimed he had learned that at least part of his sentence was subject to an 85% minimum service requirement before parole. In his RCr 11.42 motion filed in April 2014, Canafax himself affirmatively stated the crimes

---

[8] Recording of plea at 10:36:33-10:37:03.

[9] Recording of sentencing at 1:42:23-1:42:28.

"occurred on or about August 2006."[10]  Canafax's complaint clearly focused on his 85% parole eligibility, which is mentioned in several paragraphs of his motion.[11]

At the beginning of the hearing on February 11, 2015, Canafax fundamentally changed his argument.  He admitted he understood the sodomy charge was subject to an 85% minimum for parole, but his attorney allegedly assured Canafax he would be released after serving that 85%, or after ten years.  With this newly articulated issue, the trial court heard the testimony of Canafax and his prior counsel.

Canafax's attorney ("Holland") testified that he told Canafax about the parole percentages.  Specifically, the minimum for parole would be 85% on the sodomy charge and 20% on the sexual abuse charges, although Holland warned Canafax about a practice of the Department of Corrections of applying the 85% minimum to the entire sentence.[12]  Holland explained he did tell Canafax that he *might* be paroled after ten years, but Holland was adamant that he did not guarantee any early release on the sentence.

Canafax testified he did not expect to be acquitted if he went to trial.  He did not deny his guilt.  He understood the likely result of a trial would be a life

---

[10] Paragraph 4 of RCr 11.42 motion.

[11] Paragraphs 7, 8, 14, 15, and 19 of RCr 11.42 motion.

[12] Hearing on 2-11-15 at 2:09:47-2:10:28.

sentence. But he would rather have a jury tell him he had to serve a life sentence instead of his accepting by agreement what was in effect the same thing.[13] Canafax insisted he thought he would be released after ten years under the plea agreement. He thought his pre-plea actions of seeking treatment would reduce his time in prison.[14]

Any impact of the date of the offenses was not mentioned during the 2015 hearing. No argument was raised about the length of the post-incarceration supervision. As previously indicated, the Order entered on June 1, 2015, followed, putting an end to the RCr 11.42 proceedings.

With respect to the CR 60.02 motion filed almost four years later, Canafax relies upon the impact of the statutory changes effective on July 12, 2006. KRS[15] 510.110 was amended to change first-degree sexual abuse from a Class D felony to a Class C felony when the victim is less than twelve years old. The result was an increase in the penalty range from one-to-five years to five-to-ten years. Violations of KRS Chapter 510 defining sex offenses were added to the definition of a violent offender in KRS 439.3401. The post-incarceration supervision time was lengthened from three to five years under KRS 532.060(3).

---

[13] Hearing on 2-11-15 at 2:22:52-2:23:50.

[14] Hearing on 2-11-15 at 2:29:20-2:29:46.

[15] Kentucky Revised Statutes.

These 2006 changes had no impact on the sodomy charge. It was already a violent offense. The minimum parole eligibility was 85% before 2006 and after. While the sentence range for sexual abuse increased, Canafax was sentenced to the one period (five years) within the law for his crimes both before 2006 and after. It is true the term for post-incarceration supervision increased. But if Canafax complied with the terms of his incarceration and eventual release, he would serve no additional time, just be supervised for two more years.

From our review of these proceedings, we again see confusion about the 85% parole eligibility rules when a single case involves both a Class A or Class B felony and Class C or Class D felonies. KRS 439.3401(3), both before and after the 2006 changes stated: "A violent offender who has been convicted of a capital offense or Class A felony with a sentence of a term of years or Class B felony who is a violent offender shall not be released on probation or parole until he has served at least eighty-five percent (85%) of the sentence imposed." The statute does not go on to clarify by adding the phrase "for that Class A or Class B felony."

In the context of work credits which may be earned by prisoners, the Kentucky Supreme Court determined sentences for violent and non-violent offenses cannot be separated because the language of KRS 532.120 does not recognize a mechanism to separate out violent and non-violent portions of a sentence. *See Kentucky Department of Corrections v. Dixon*, 572 S.W.3d 46 (Ky.

2019). The work credits question answered in *Dixon* relied upon specific language of the work credits statute indicating a violent offender simply could not earn work credits regardless of whether that offender also had sentences for non-violent charges.

Administrative regulations promulgated by the Department of Corrections demonstrate an internal clarification of this issue. 501 KAR[16] 1:030 governs parole eligibility. In defining a parole eligibility date, 501 KAR 1:030(3) calculates eligibility per crime rather than for the overall sentence. For example, 501 KAR 1:030(3)(e) begins with the wording "for a crime" using the singular article.[17]

"The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983) (emphasis original). To obtain "this special, extraordinary relief," a defendant must demonstrate this entitlement. *Id*.

---

[16] Kentucky Administrative Regulations.

[17] Without taking judicial notice that may run afoul of the high standards and safeguards expressed in *Marchese v. Aebersold*, 530 S.W.3d 441, 446-48 (Ky. 2017), we simply note that on June 30, 2021, Canafax had his first hearing with the Kentucky Parole Board, which would be consistent with this interpretation of the administrative regulation. Kentucky Offender Online Lookup ("KOOL").

CR 60.02 is the modern version of the common law writ of *coram nobis*. This ancient remedy had a limited application:

> [T]he remedy was available to obtain a new trial on a showing of conditions which established that the original trial was tantamount to none at all because a miscarriage of justice had effectually deprived the defendant of life, liberty or property without due process of law. . . . It is an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after the rendition of the judgment without fault of the party seeking relief.

*Green v. Commonwealth*, 309 S.W.2d 178, 180 (Ky. 1958). The standard for relief under CR 60.02 remains the same. *See Wilson v. Commonwealth*, 403 S.W.2d 710 (Ky. 1966).

To obtain an order for relief under CR 60.02, "a very substantial showing to merit relief" must be made. *Ringo v. Commonwealth*, 455 S.W.2d 49, 50 (Ky. 1970). In exercising discretion to grant such relief, the Court should consider whether any relief granted would be inequitable to other parties. *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 583 (Ky. App. 2004). "The Kentucky Supreme Court has warned that because of the desirability of according finality to judgments, CR 60.02(f) must be invoked only with extreme caution, and only under most unusual circumstances." *Id*. at 584 (citing *Cawood v. Cawood*, 329 S.W.2d 569 (Ky. 1959)).

The policy favoring finality of judgments is illustrated by the time limitations for a CR 60.02 motion. For many allegations, such as perjury, the time limit is one year. CR 60.02(c). For all other motions, the time limit is "within a reasonable time." In this latter category are claims of fraud affecting the proceedings. CR 60.02(d). The rule also contains a catch-all: "reason[s] of an extraordinary nature justifying relief." CR 60.02(f).

The trial court correctly determined Canafax's CR 60.02 motion was time-barred. Waiting eight years after the guilty plea to assert a different date for the offenses is not an assertion within a reasonable time. Canafax knew or should have known better than anyone the dates for where he lived. Beginning with the arraignment, Canafax could have easily researched the dates of his residences and corrected the alleged error in the sexual abuse charges. Again, the date did not matter for the sodomy charge.

There is another barrier to CR 60.02 relief here. A CR 60.02 motion may not be used to relitigate issues which "were or could have been litigated" in prior proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Before he changed course at his RCr 11.42 hearing, Canafax specifically complained about the issue of parole eligibility, which he thought was incorrect. This was another opportunity for Canafax to raise any questions arising from the date of his crimes.

Even if we could excuse the untimeliness and prior opportunity to raise the issues in the CR 60.02 motion, we further conclude the motion has no merit. To succeed on a fraud claim, Canafax must prove egregious conduct, not just assume it. Even if fraud is shown, hindrance to a meritorious defense must be shown. *See Meece v. Commonwealth*, 529 S.W.3d 281 (Ky. 2017).

Canafax failed to prove fraud of any kind. Canafax merely presumed the Commonwealth purposefully chose the date in the Indictment, knowing it was not true. There is no evidence of that. Ultimately, for Canafax to assert fraud in these circumstances is an odd assertion, considering the correctness of the dates didn't initially occur to Canafax either.

We do not truly know if all of Canafax's acts of sexual abuse occurred before July 12, 2006. Even if they did, we cannot forget Canafax admitted to at least a dozen such crimes. Had he been charged for all of them, Canafax was looking at a longer range of sentences for the sexual abuse. He could have faced additional decades for his sentence because the "cap" of twenty years for Class D felonies (sex abuse before July 12, 2006) would not have applied to this case, because it included a higher level felony. KRS 532.110(1)(c).

Canafax overlooks the fact of his guilt of a Class A felony. He admitted to orally sodomizing a six-year-old girl. Both before and after 2006, that crime had a minimum sentence of twenty years and a maximum of life. Canafax

was correct when he called his crimes monstruous. He indeed deserves imprisonment for his actions. The result of a 22 year overall sentence is certainly just. To grant relief pursuant to CR 60.02 in this case would be inequitable to Canafax's victim. The trial court did not abuse its discretion in denying the CR 60.02 motion.

## CONCLUSION

Because Canafax did not file his CR 60.02 motion within a reasonable time, the grounds asserted in that motion were or could have been raised in a prior post-conviction motion, and the ultimate result of his guilty plea was just, the circuit court did not abuse its discretion in denying the CR 60.02 motion. The Scott Circuit Court is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Katelyn E. Price
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky